# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RYAN LASHAWN CHATMAN,

Defendant-Appellant.

UNPUBLISHED
December 6, 2016

No. 328246
Wayne Circuit Court
LC No. 15-000181-FC

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

GADOLA, P.J. (*concurring in part and dissenting in part*).

I concur in the majority's holding concerning the issue of prosecutorial error. But I respectfully dissent from its holding concerning judicial bias.

Our Supreme Court set forth the standard to be applied to claims of judicial partiality in *People v Stevens*, 498 Mich 162, 170-178; 869 NW2d 233 (2015). In *Stevens*, the court held that judicial conduct that pierces the veil of judicial impartiality is structural error requiring reversal. *Id*. at 168. The court noted that whether the veil of impartiality has been pierced is a fact-specific inquiry requiring a review of the totality of the circumstances of any given trial. *Id*. at 171-172. The ultimate question on review is whether the trial judge improperly influenced the jury by creating an appearance of advocacy or partiality under the totality of the circumstances. *Id*. I do not believe that it is "clear or obvious" that this occurred in this case, and thus plain error did not occur. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

As the majority correctly points out, "[t]he only contested issue in this case was whether defendant shot Lawless unprovoked or in self-defense, and the question of who possessed weapons in the kitchen prior to the incident . . . was not so difficult for the jury to discern that it required clarification from the judge." Furthermore, "[d]efendant admitted that he had a gun." What this suggests is that the bulk of the judge's questioning in this case went to an uncontested issue that was not at the heart of the defense theory of the case. While arguably oriented in favor of the prosecution, the judge's questioning concerning defendant's possession of a weapon, the type of weapon the defendant possessed, and whether the victim possessed a weapon, was not hostile and did not directly undermine the defense theory. Furthermore, this questioning can be

-1-

described as simply clarifying or, alternatively, merely repeating testimony that had already been presented on an uncontested issue.

Indeed, the judge's questioning of prosecution witness Michigan State Police Lieutenant Bock was largely ineffectual and might actually have been helpful to the defendant, as the witness was unable to testify that the "state ID number" on the fingerprint identification card matched that of the defendant in this case. Again, while this questioning might have been slanted in favor of the prosecution, I cannot conclude that it pierced the veil of judicial impartiality given its non-argumentative nature and its intent to clarify whether the fingerprints on the fingerprint ID card were those of the defendant.

A review of the record reveals that the trial court asked a total of three questions in the course of a 3-day trial concerning the ultimate issue in dispute in this case, which concerned whether a physical struggle between the defendant and the victim led to the victim's shooting. The court asked the victim: (1) "Did you ever grab anything . . . ?"; (2) "Do you remember ever grabbing a chair or anything?"; and (3) "Did you lay any hands on [defendant] at all?" These questions, while arguably unnecessary given the prosecution's direct examination of the witness, were not hostile, as they were directed to the victim, and merely produced cumulative testimony concerning the events leading up to the shooting. Again, I cannot conclude that these questions pierced the veil of judicial impartiality. Furthermore, the trial court gave a proper limiting instruction to the jury as follows: "My comments, rulings, questions and instructions are . . . not evidence . . . . If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion."

While the trial judge's questions were in large measure unnecessary and arguably inappropriate, I cannot conclude that the court improperly influenced the jury by creating an appearance of advocacy or partiality. It is not apparent to me that plain error occurred necessitating a reversal of defendant's conviction. Therefore, I dissent from the holding of the majority concerning judicial bias.

/s/ Michael F. Gadola